UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:17-CV-00547-BR

ROY HERR,

    Plaintiff,

v.

THE AMERICAN KENNEL CLUB,

    Defendant.

ORDER

This matter is before the court on the 23 August 2018 Memorandum and Recommendation ("M&R") of U.S. Magistrate Judge Robert T. Numbers, II. (DE # 39.) Defendant, the American Kennel Club ("AKC"), filed an objection to the M&R. (DE # 40.) Plaintiff did not file any objection to the M&R or a response to AKC's objection. As such, the court conducts a *de novo* review of those portions of the M&R to which AKC has lodged an objection. See 28 U.S.C. § 636(b)(1).

## I.    BACKGROUND

Plaintiff Roy Herr ("Herr") began working for AKC in 2005. (Am. Compl., DE #19, ¶ 7,) Herr worked with Patricia Proctor ("Proctor"), who eventually became his immediate supervisor. (Id. ¶ 16.) Herr describes Proctor as "adverse, confrontational, and combative" towards him. (Id. ¶ 11.) He alleges various instances over the years of Proctor's treating him differently than similarly situated employees. Herr alleges Proctor's animus towards him was due to her preference to work with women and homosexual men, as opposed to heterosexual

men, such as himself.  (Id. ¶¶ 7, 18, 25, 32.)  He contends that Proctor openly admitted this preference.  (Id. ¶¶ 18, 25, 32.)

Herr claims that Proctor fabricated performance issues concerning his employment and falsely accused him of violating company policy, among other things.  (See, e.g, id. ¶¶ 12, 21, 26, 30, 33.)  After Herr requested leave under the Family Medical Leave Act ("FMLA"), AKC officials scheduled a performance review meeting with him.  (Id. ¶¶ 39–40.)  According to Herr, the report documenting his annual performance contained "information that was untrue, incorrect and fabricated."  (Id. ¶ 40.)  AKC fired Herr at the end of the meeting.  (Id.)

Herr brings this action pursuant to the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1), the FMLA, 29 U.S.C. § 2601, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1).  AKC moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

In the M&R, Judge Numbers recommends that the court dismiss all of Herr's claims except for his claim that AKC discharged him on the basis of his sex.  AKC objects to Judge Numbers' recommendation that this sex discrimination claim be allowed to proceed.  (DE # 40, at 2.)  AKC asks this court to dismiss this claim for failure to satisfy one of the elements of a prima facie case of discrimination.

A plaintiff alleging discrimination under Title VII is required to "allege facts to satisfy the elements of a cause of action created by that statute" to survive a 12(b)(6) motion. McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015) (citation omitted).  Herr has pled facts plausibly demonstrating that AKC terminated him because of his sex, as a result of Proctor's professed preference to work with women and gay men.  Therefore,

his claim survives AKC's motion.  See 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"); McCleary-Evans, 780 F.3d at 585 ("The Supreme Court has accordingly held that Rule 8(a)(2) requires that a complaint . . . contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations marks omitted)).

Despite Herr's factual allegations, AKC argues that plaintiff's Title VII discriminatory discharge claim is "self-defeating" because he alleges that his position was filled by another man, as opposed to being left open or filled by an applicant outside of his protected class.  (DE # 40, at 2.)  "In a *typical* discriminatory discharge case, the plaintiff establishes a prima facie case by showing (1) that [s]he is a member of a protected class; (2) that [s]he suffered from an adverse employment action; (3) that . . . [s]he was performing at a level that met [her] employer's legitimate expectations; and (4) that the position was filled by a similarly qualified applicant outside the protected class." Guessous v. Fairview Prop. Investments, LLC, 828 F.3d 208, 219 (4th Cir. 2016) (citation and internal quotation marks omitted) (most alterations and omissions in original).  However, "'an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss'. . . ." McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 584 (4th Cir. 2015) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002)).  The prima facie case is an evidentiary standard; it is not a

3

pleading requirement. McCleary-Evans, 780 F.3d at 584. Furthermore, a plaintiff is not required to show the fourth prima facie element in *all* cases. See Lettieri v. Equant Inc., 478 F.3d 640, 647 (4th Cir. 2007) ("There are exceptions to this rule [i.e., the requirement that a plaintiff in a discriminatory discharge case show the position was filled by someone outside the protected class] in limited situations." (citation and internal quotation marks omitted)). Accordingly, Herr is not required to plead at this stage of the proceedings that his position was filled by a similarly qualified applicant outside the protected class.

AKC also heavily relies on the decision in McCleary-Evans to support the dismissal of Herr's Title VII discharge claim. (See DE # 40, at 5-7.) In that case, the Fourth Circuit made clear that a plaintiff is not required to plead a prima facie case of discrimination to survive a motion to dismiss. McCleary-Evans, 780 F.3d at 585. The Fourth Circuit nonetheless affirmed the dismissal of the plaintiff's discrimination claim because her complaint left "open to speculation the cause for the defendant's decision to select someone other than her, and the cause that she asks [the court] to infer . . . is not plausible . . . ." Id. at 588. Further, her allegations that "the [employer] did not select her because of the relevant decisionmakers' bias against African American women" are "'no more than conclusions' and therefore do not suffice." Id. at 585 (citation omitted).

McCleary-Evans, however, is distinguishable from the present dispute. Here, Herr's allegations are not conclusory. His complaint does not leave the cause for his termination open to speculation. Rather, Herr asserts that Proctor openly voiced her desire to employ "all gay men and women." (Am. Compl., DE #19, ¶ 25.) Herr contends that on numerous occasions he was singled out for disparate treatment because of his sex. (See, e.g., id. ¶¶ 13-15, 19-20, 33.) He alleges "Proctor used [] fabricated policies and performance issues to down grade [sic] Plaintiff's

performance reviews and provide her the basis [sic], albeit fabricated bases to give Plaintiff poor annual reviews," (id. ¶ 30), including the annual review that purportedly resulted in his discharge, (see id. ¶ 40). Because these facts plausibly demonstrate sex discrimination in violation of Title VII, the claim may proceed.

### III. CONCLUSION

For the foregoing reasons, defendant's objection to the M&R is OVERRULED. The court ADOPTS the M&R's analysis as its own. Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's Title VII discriminatory discharge claim will be allowed to proceed. Plaintiff's other claims are DISMISSED.

This 24 September 2018.

_____
W. Earl Britt
Senior U.S. District Judge